ALBERT C. MILLER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 35549-83.
United States Tax Court
T.C. Memo 1985-605; 1985 Tax Ct. Memo LEXIS 25; 51 T.C.M. (CCH) 92; T.C.M. (RIA) 85605; December 12, 1985. Mark E. O'Leary, for the respondent. WILBUR
MEMORANDUM OPINION WILBUR, Judge: Respondent determined the following deficiencies and additions to tax: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1977
$5,492
$2,746
$194
1978
10,190
5,095
325
1979
17,588
8,794
734
1980
10,530
5,265
672
This case is before us on respondent's motion for summary judgment and for an award *26 of damages pursuant to section 6673. Petitioner resided in Kalona, Iowa, when he filed the petition in this case. He failed to file a reply to the affirmative allegations of fraud asserted in respondent's answer. Accordingly, respondent's allegations were deemed admitted pursuant to Rule 37(c). The following is a summary of the facts that have been deemed admitted: During each of the taxable years 1977, 1978, 1979, and 1980, petitioner sold fertilizer, and sold and serviced water-treatment products. He manufactured and assembled some of the products himself. Petitioner derived taxable income during those years from commissions and fees he earned for manufacturing, selling, delivering, and servicing fertilizer and water treatment products. Petitioner failed to file Federal income tax returns for any of the four years in issue. He failed to maintain or to submit for respondent's review complete and adequate records or books of account. Despite respondent's request, petitioner refused *27 to make available to respondent's agents any records he maintained. Respondent determined petitioner's taxable income on the basis of the bank deposits method. During each year in issue, petitioner made deposits to his personal checking account in the total amounts of $91,346, $136,865, $132,364, and $24,200, respectively. In 1980, he also maintained accounts in the names of A.C.&M. Trust and Kalona Magnetics. To the account maintained in the name of A.C.&M Trust he made deposits in the total amount of $67,156 during 1980, and to the account maintained in the name of Kalona Magnetics he made deposits in the total amount of $57,603 during 1980. During the taxable years 1977, 1978, 1979, and 1980 petitioner's total bank account deposits were $91,346, $136,865, $132,364, and $148,959, respectively. After deductions for loans, savings, contract payments, miscellaneous non-taxable sources and transfers, petitioner's net taxable deposits for 1977, 1978, 1979, and 1980 were $70,726, $105,365, $106,064, and $126,467, respectively. During those years petitioner's cost of goods sold was $36,083, $44,347, $24,138, and $60,972, respectively. Petitioner's gross income, computed by deducting *28 the cost of goods sold from his net taxable deposits for the years in issue, was $34,643, $61,018, $81,926, and $65,495, respectively. Petitioner had deductible business expenses during those years in the amounts of $12,383, 28,900, $34,295, and $34,691, respectively. His adjusted gross income therefore was $22,260, $32,118, $47,631, and $30,804, respectively. He incurred itemized deductions in the respective amounts of $4,196, $4,246, $5,717, and $2,676. He is entitled to deductions for personal exemptions in the amounts of $750, $750, $1,000, and $1,000 respectively for the years in issue. His correct taxable income is therefore $18,064, $27,122, $40,914, and $27,128, respectively, for the years in issue. During those years he did not receive any non-taxable income, receipts, cash or other assets other than the specific items and amounts described in the above paragraph. In addition, he did not receive any gifts, inheritances, legacies, or devises.His tax liability for the years in issue was as follows: $5,492, $10,190, $17,588, and $10,530, respectively. Petitioner's failure to maintain complete and accurate records of his income-producing activities and his failure to *29 produce complete and accurate records to respondent in connection with the determination of his income tax liability for the years in issue was due to the fraudulent intent to evade tax. He made false and misleading statements to respondent's agent during the determination of his income tax liability; he attempted to conceal the true extent of his financial and business transactions from respondent by establishing an alleged trust entitled A.C.&M. Trust, and he failed to file Federal income tax returns for the years in issue, all with the fraudulent intent to evade tax. A part of the underpayment of tax required to be shown on his returns for each of the years in issue is due to fraud. In the petition filed with this Court on December 23, 1983, petitioner alleged that he is not a "taxpayer," that he did not have a "tax year," that he is not a person liable for tax, that he is not a person required to report income, that he is not required to provide books and records, that he is not required to file returns of income, that the labor he performed during the years in issue was not property, and that the labor he performed was not property acquired by petitioner from another person, *30 or a gift from a donor or had zero value in the hands of the donor. On December 23, 1983, petitioner filed with this Court a request for grant of immunity. The request was denied on January 9, 1984. This case was set for trial on October 15, 1984, and petitioner was so notified in August of 1984. He failed to appear or to otherwise prosecute his case at the call of this case for the calendar at the October 15, 1984 trial session in Des Moines, Iowa. The issues for decision are whether respondent correctly determined the above-stated deficiencies and additions to tax for the years in issue, and whether damages pursuant to section 6673 are appropriate. In addition, we must decide whether this case is appropriate for summary judgment. Rule 121(b) provides that summary judgment is appropriate in cases where "the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable material, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." All essential facts have been deemed admitted pursuant to Rule 37. We therefore are presented with no genuine issue *31 as to any material facts. While petitioner bears the burden of proof as to the deficiences and as to the additions to tax under section 6654, it is respondent who bears the burden of proof as to the additions to tax for fraud. Rule 142(a), (b). Respondent may meet his burden of proof by presenting facts that have been deemed admitted pursuant to Rule 37(c). E.g., . Cf., . As to the underlying deficiencies and the additions to tax under section 6654, there is no question that respondent should prevail, either on the ground that petitioner has defaulted by virtue of his nonappearance at trial and/or on the ground that he has failed to carry his burden of proof. . As to the additions to tax for fraud, the facts that have been deemed admitted are sufficient to satisfy respondent's burden of proving by clear and convincing evidence that petitioner has underpaid his tax for each of the years in issue, and that some portion of each underpayment was due to fraud. Section 7454(a); Rule 142(b); ; *32 . Fraud involves actual intentional wrongdoing, and the intent required is the specific purpose to evade a tax believed to be owing. ; , affd. . The facts that have been deemed admitted establish that petitioner underpaid his tax for each of the years in issue. Those facts also establish that petitioner failed to maintain complete and accurate records of his income-producing activities, that he made false and misleading statements to respondent's agent during the course of the examination, that he attempted to conceal the true extent of his financial and business transactions, and that he failed to file returns for each of the years in issue. The undisputed facts establish that each of these activities were engaged in with the fraudulent intent to evade taxes. These facts satisfy respondent's burden of proof. We therefore uphold respondent's determination in its entirety. We next consider whether we should grant respondent's motion for an award of *33 damages under section 6673. With respect to cases commenced after December 31, 1982, or pending in this Court after November 15, 1984, section 6673 provides that: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. This case was commenced on December 23, 1983. The petition raises numerous frivolous and long-discredited tax protester issues, including the tired arguments that he was not a taxpayer, did not have a tax year, and that his labor was not property. We have long stated that these arguments merit no substantive discussion. , affd. . Petitioner failed to file a reply to respondent's answer, even though the answer set forth affirmative allegations of fraud. Petitioner of course had every right to contest respondent's assertion of fraud and exercising or failing to exercise this right cannot be *34 a basis, either alone or in conjunction with other facts, for imposing damages pursuant to section 6673. But petitioner failed to appear for trial in order to prosecute his case, even though he was given ample notice of the trial schedule. And more importantly, the frivolous petition, as well as petitioner's apparent indifference to the prosecution of his case, are evidence that this proceeding was filed primarily in order to delay the collection of petitioner's taxes. We therefore award damages to the United States in the amount of $5,000. An appropriate order and decision will be entered.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩